RUSSELL PAISLEY, ATTORNEY AT LAW
20 VESEY STREET
SUITE 1200
NEW YORK, NEW YORK 10007
(212) 571-5215

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| **M.F. and B.C.,** | : Civil Action No: 08 CV01504 |
| | : |
| **Plaintiffs**, | :  Hon.  Judge Jones |
| | : |
| vs. | : |
| | :  **COMPLAINT AND** |
| | **JURY TRIAL DEMAND** |
| **STATE OF NEW YORK EXECUTIVE** | : |
| **DEPARTMENT DIVISION OF PAROLE,** | : |
| | |
| **Defendants**. | |

_____

   Plaintiffs, M.F. and B.C., for their Complaint against Defendant, State of

New York Executive Department Division of Parole, state as follows:

### JURISDICTION AND VENUE

1.    Plaintiff, M.F., is a resident of the State of New Jersey.

2.    Plaintiff, B.C., is a resident of the State of New York.

3.    Defendant, State of New York Executive Department Division of Parole, is

   a public entity maintaining its principal place of business at Interstate

   Bureau 845, Central Avenue East-2, Albany, New York 12208.

-1-

4.     Venue is proper in this Court pursuant to 28 U.S.C.§1391(a)2.

5.      This Court has original jurisdiction over this matter pursuant to 28

U.S.C.§1391(a)(2) because the matter in controversy is founded on

diversity of citizenship.

### COUNT ONE

6.     Plaintiff, M.F., is a Tier One offender (low risk) sexual offender arrested in

December of 1999, in Bergen County, New Jersey.

7.     Plaintiff, M.F., was sentenced on March 23, 2001 to five years of

probation.

8.     Pursuant to the applicable New Jersey statute, all levels of sexual

offenders, upon completion of either their probation term or a jail

sentence, are then supervised for life through the New Jersey Department

of Parole.  The date of the commencement of supervision for M.F. was

June 14, 2006.

9.     Plaintiff, M.F., for the past six years, has been employed by a New York

software company as a sales executive.

10.     Plaintiff, M.F., is involved in a personal relationship as a Domestic

Partner with Plaintiff, B.C., since February of 2000.  They are registered

Domestic Partners in the City of New York, bearing Registration Number

DM-2006-26399.

11.     During a portion of the probationary period of M.F., and with the

permission of his probation officer, M.F. and B.C. lived together for nine

months beginning in September, 2005 to June, 2006, in an apartment in

New York City. This living arrangement was terminated once M.F. commenced supervision under the New Jersey State Department of Parole.

12. M.F. has requested a transfer so as to be able to reside with B.C. in New York City which request initially commenced in late 2006. Said transfer was authorized by the State of New Jersey through the Interstate Commission for Adult Offender Supervision otherwise known as *The Compa*ct.

13. Notwithstanding full compliance with the terms and conditions for the transfer as set forth by *The Compact*, M.F.'s initial request for transfer to the State of New York was rejected on grounds that are not relevant at this point in time in this pleading.

14. M.F. made a second request for transfer which was subsequently rejected once again on grounds which are not relevant to this pleading.

15. A third request for a transfer was then made by M.F. with the intervention of the State of New Jersey, New Jersey State Parole Board, Commissioner Peter Barnes, Jr., directly to the Commissioner of the State of New York Board of Parole on August 6, 2007.

16. On or about November 2, 2007, the State of New York Board of Parole agreed to the transfer of Plaintiff, M.F., from New Jersey to New York.

17. As part of the transfer, the State of New York set forth a certain list of terms and conditions to which Plaintiff, M.F., has raised an objection more specifically as follows:

    A.     That Plaintiff must inform his employer of his New Jersey conviction and that he is on probation with New Jersey and is going to be supervised by New York State Parole for the length of his natural life;

    B.     That Plaintiff's personal computer, which is work related, would be monitored.

18. The terms and conditions set forth by Defendant are in direct conflict with the Interstate Commission for Adult Offender Supervision, Rule 4.101, which states that *a receiving state shall supervise an offender transferred under the Interstate Compact in a manner determined by the receiving state and consistent with the supervision of other similar offenders sentenced in the receiving state.*

19. Plaintiff, M.F., is and has been gainfully employed for many years. Any notice that would be provided to Plaintiff's employer as to his past conviction would result in Plaintiff being terminated from his employment.

20. The conditions as set forth by Defendant to permit Plaintiff's transfer request are arbitrary and capricious in that they are not mandated by *McKinney's Consolidated Law of New York* §168 *et seq.*

21. Defendant's conditions as set forth in permitting the transfer are arbitrary and capricious in that a Level One sex offender in the State of New York is not required to notify his employer as to his previous conviction. Plaintiff, M.F., should be guided by the same rules and regulations in the State of New York as the equivalent level of sex offender.

-4-

WHEREFORE, Plaintiffs, M.F. and B.C., demand judgment against Defendant, State of New York Executive Department Division of Parole, as follows:

A.    Permitting the transfer of Plaintiff, M.F., from the State of New Jersey to the State of New York;

B.    That Plaintiff, upon his transfer to the State of New York, is to be bound by the same terms and conditions and guidelines set forth by the State of New York for sex offenders within the same classification;

C.    An award of costs and reasonable attorney's fees;

D.    Such other relief as this Court deems just and proper.

## COUNT TWO

22.    Plaintiffs repeat and reallege each and every allegation as set forth in paragraphs 1 through 21 of Count One of the Complaint as though fully set forth at length herein.

23.    Plaintiffs, M.F. and B.C., have been together in a domestic relationship since February of 2000.

24.    Plaintiffs, M.F. and B.C., filed as Domestic Partners in the City of New York bearing Registration Number DM-2006-26399.

25.    Plaintiff. M.F., is prohibited from transferring from the State of New Jersey to the State of New York to be with his domestic partner Plaintiff, B.C., due to the terms and conditions set forth by Defendant and made part of the transfer request.

-5-

26.    The terms and conditions as set forth by Defendant, State Board of
       Parole, would cause Plaintiff, M.F., to be terminated from his employment.

27.    Plaintiffs, who have entered into a domestic relationship are precluded
       from living together in New York as the terms and conditions of the
       transfer would result in Plaintiff, M.F., being terminated from his
       employment and therefore unable to earn the income which he currently
       maintains.

28.    The arbitrary and capricious terms and conditions set forth by Defendant
       as part of the transfer requirements are causing Plaintiffs to be
       discriminated against in that they prohibit their ability to live together in the
       City of New York as Domestic Partners.

       WHEREFORE, Plaintiffs, M.F. and B.C., demand judgment against
Defendant, State of New York Executive Department Division of Parole, as
follows:

A.    Permitting the transfer of Plaintiff, M.F., from the State of New
      Jersey to the State of New York;

B.    That Plaintiff, upon his transfer to the State of New York, is to be
      bound by the same terms and conditions and guidelines set forth
      by the State of New York for sex offenders within the same
      classification;

C.    To permit M.F. and B.C. to reside together in the City of New York;

D.    An award of costs and reasonable attorney's fees;

E.    Such other relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiffs, M.F. and B.C., demand a trial by jury as to all issues so triable.

RUSSELL PAISLEY, ATTORNEY AT LAW

By: _____
    Russell Paisley, Esq.

Dated:

**DESIGNATION OF TRIAL ATTORNEY**

Russell Paisley, Esq. is hereby designated as trial attorney in the within

matter.

RUSSELL PAISLEY, ATTORNEY AT LAW

By: _____
    Russell Paisley, Esq.

Dated:

## <u>CERTIFICATION</u>

I hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

RUSSELL PAISLEY, ATTORNEY AT LAW

By: _____
      Russell Paisley, Esq.

Dated: