UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
M.F. and B.C.,

                Plaintiffs

      -against-

STATE OF NEW YORK EXECUTIVE
DEPARTMENT DIVISION OF PAROLE,

                Defendant.
---------------------------------------------------------------x

**ANSWER**

08 Civ. 1504 (BSJ)

       Defendant State of New York Division of Parole ("defendant") by its attorney, ANDREW M. CUOMO, Attorney General of the State of New York, answers the complaint as follows:

**Jurisdiction and Venue**

       1.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1 and 2.

       2.     Defendant admits that it is an agency of New York with its central office in Albany, New York, and otherwise denies the allegations contained in paragraph 3.

       3.     Defendant neither admits nor denies the allegations contained in paragraphs 4 and 5 purporting to set forth the law on the ground that no response is required to such legal arguments.

**Count One**

       4.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 6 - 11.

       5.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 12-14, except admits that plaintiff made two requests to have his parole supervision transferred to New York that were denied.

6. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15, except admits that plaintiff made a third request to have his parole supervision transferred to New York.

7. Defendant admits that plaintiff's third request for a transfer to New York was accepted pending plaintiff's acceptance of certain conditions, including the two conditions set forth in paragraph 17, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 16 and 17.

8. Defendant denies the allegations contained in paragraph 18, except admits that the italicized language contained in the paragraph is taken from Rule 4.101.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.

10. Defendant denies the allegations contained in paragraphs 20, 21 and the Wherefore clause.

11. With respect to paragraph 22, respectfully refer to the defendants' responses to paragraphs 1 through 21.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 23 and 24.

13. Defendant denies the allegations contained in paragraph 25.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

15. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27, except denies that plaintiffs are "precluded from living together."

16. Defendant denies the allegations contained in paragraph 28 and the Wherefore clause.

## DEFENSES

### FIRST DEFENSE

17. The complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

18. Venue is not proper in this district.

### THIRD DEFENSE

19. The alleged injuries sustained by plaintiffs in this action were caused in whole or in part by the conduct of one or more parties or entities for whose conduct the defendant is not responsible.

### FOURTH DEFENSE

20. Plaintiffs' claims are barred by operation of the Eleventh Amendment of the United States Constitution.

### FIFTH DEFENSE

21. Plaintiffs' claims are barred, in whole or in part, by plaintiffs' failure to satisfy jurisdictional or administrative prerequisites and/or failure to exhaust administrative remedies.

### SIXTH DEFENSE

22. Any damage allegedly suffered in this matter by the plaintiffs is solely and exclusively the product of plaintiff's own actions or negligence.

## SEVENTH DEFENSE

23. The alleged conduct was properly within the discretionary authority committed to defendant to perform its official functions, and the relief prayed for would constitute an improper intrusion into said discretional authority.

24. Principles of comity bar plaintiff's claims against the defendants.

## EIGHTH DEFENSE

25. This Court lacks jurisdiction over the subject matter of the causes of action set forth in the Complaint because the federal claims do not rise to a constitutional level and this Court cannot exercise jurisdiction over the state law claims.

## NINTH DEFENSE

26. Plaintiffs lack standing to bring these claims.

## TENTH DEFENSE

27. Plaintiffs have alleged no action against them by the defendant.

## ELEVENTH DEFENSE

28. Plaintiffs' claims may be barred, in whole or in part, by the relevant statute of limitations and/or the doctrine of res judicata or collateral estoppel, or alternatively the court should refrain from exercising jurisdiction pursuant to the abstention doctrines set forth in the case law of the United States Supreme Court.

## TWELFTH DEFENSE

29. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## THIRTEENTH DEFENSE

30. Plaintiff's claims are barred, in whole or in part, because they are not ripe or are moot.

**WHEREFORE**, plaintiffs' complaint should be dismissed with prejudice and defendant should be awarded its costs and reasonable attorney's fees for responding to plaintiffs' unwarranted action, and for such other and further relief as this Court deems appropriate.

Dated: New York, New York
       May 12, 2008

                                            Respectfully submitted,

                                            ANDREW M. CUOMO
                                            Attorney General of the
                                              State of New York
                                            <u>Attorney for Defendant</u>
                                            By:

                                            _____

                                            JOHN E. KNUDSEN
                                            Assistant Attorney General
                                            120 Broadway
                                            New York, New York 10271
                                            (212) 416-8625

JOHN E. KNUDSEN
Assistant Attorney General
  <u>of Counsel</u>

JOHN E. KNUDSEN, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

That on May 12, 2008, I caused one copy of the Answer to be served on:

>Russell K. Paisley, Esq.
>20 Vesey Street, Suite 1200
>New York, NY 10007
>
>Ronald S. Heymann, Esq.
>Heymann & Fletcher
>1201 Sussex Turnpike
>P.O. Box 518
>Mt. Freedom, New Jersey 07970

by depositing these documents in a sealed, properly addressed envelope, with postage prepaid, in an official depository of the United States Postal Service within the State of New York.

_____
JOHN E. KNUDSEN
Assistant Attorney General

Executed on May 12, 2008